DAVID AND ADELLE MALL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Mall v. Commissioner
Docket No. 17216-79.
United States Tax Court
T.C. Memo 1981-253; 1981 Tax Ct. Memo LEXIS 490; 41 T.C.M. (CCH) 1568; T.C.M. (RIA) 81253; May 26, 1981. Marvin J. Rosenblum *491 , for the petitioners. Tom P. Quinn, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: This matter is presently before the Court on respondent's motion to dismiss for lack of jurisdiction. This motion requires us to determine whether respondent's rejection of petitioners' offer in compromise constituted a notice of deficiency within the meaning of sections 6212 and 6213(a) [1] so as to invoke the jurisdiction of this Court upon the filing of a petition for redetermination. FINDINGS OF FACT Petitioners seek here to redetermine alleged deficiencies for their taxable years 1958 through 1966. The respondent made assessments for the taxable years 1959 and 1960 in 1965, following petitioner David Mall's plea of guilty to tax evasion under section 7201. Assessments for the taxable years 1958 and 1961 through 1966 took place in 1969. Partial payment has been made on all of the above mentioned liabilities. On March 14, 1977, petitioners made an offer to compromise *492 their remaining liability for income taxes, penalties and interest for the years 1958 through 1966. The offer was apparently based on petitioners' belief that the assessment of the civil fraud penalty under section 6653 was improper. The offer was rejected by the district director in Chicago, Illinois in a letter to the taxpayers dated March 15, 1979 on the basis that no additional facts or law were submitted with the offer to support petitioners' conclusion that the negligence penalty should be substituted for the fraud penalty. On September 20, 1979, an appeals officer again rejected the offer in a letter to the petitioners stating in pertinent part: We have considered your offer of $ 1,500.00 in compromise of your income tax liability of $ 15,612.66 for the years 1958, 1959, 1960, 1961, 1962, 1963, 1965 and 1966, and have concluded that the offer should be rejected. On December 19, 1979, a petition was filed with this Court seeking "a redetermination of the liability set forth by the Regional Commissioner of Internal Revenue in his letter dated September 20, 1979" and appealing "the Commissioner of Internal Revenue's rejection of petitioners' offer in compromise dated March 14, 1977 * *493 * *." Petitioners' prayer for relief asks us to order the Internal Revenue Service to accept the offer in compromise as filed, to relieve the petitioners from any further tax payments in regard to this matter, and to grant such other relief as is just and warranted. Subsequently, respondent moved to dismiss for lack of jurisdiction on the ground that no statutory notice of deficiency was sent to the petitioners for any of the taxable years 1958 through 1966. Petitioners filed a reply to respondent's motion and a hearing was held after which petitioners submitted a post hearing memorandum in opposition to respondent's motion. OPINION We are called upon to decide whether, as contended by petitioners, respondent's rejection of petitioners' offer in compromise represented a determination of petitioners' Federal income tax liability, with the letter of rejection of that offer serving as a notice of deficiency within the meaning of sections 6212 and 6213(a). Respondent argues that the letter of September 20, 1979 was sent merely to advise the petitioners that their offer in compromise had been rejected. When the Secretary determines that there is a deficiency in respect of any *494 tax imposed by subtitle A (relating to income taxes), he is authorized by section 6212(a) to send a notice of such deficiency to the taxpayer by certified or registered mail. Within 90 days (150 days where the taxpayer is abroad) after the notice of deficiency is mailed, the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Section 6213(a). What must be shown, therefore, is that a notice of deficiency, or a "ticket to the Tax Court," was sent, for without such a showing the Court has no jurisdiction and respondent's motion must be granted. . No particular form is required for the deficiency notice. ; , cert. denied ; , affd. per curiam, ; , affd. on other grounds, . *495 Although a deficiency notice generally contains the name of the taxpayer, the taxable years involved, the amount of the deficiency, a statement showing the respondent's computations, a brief explanation of the reason for the deficiency, and a summary of the options available to the taxpayer (Garbis and Schwait, Tax Court Practice, par. 2-2[3], p. 2-8 (1974)), the absence of one or more of these elements does not necessarily invalidate a notice. See , cert. denied , (notice of deficiency to be valid even though it did not inform the taxpayer of his right to appeal to this Court); , affd. (notice valid even though the letter was not signed by the Secretary or his delegate); , (deficiency notice valid though it set forth no explanation for the disallowance); *496 (failure to specify the amount of deficiency not fatal). The letter before us was in response to an offer in compromise petitioners made pertaining to deficiencies that had long ago been assessed. The letter clearly states that "we have considered your offer in compromise * * * and have concluded that it should be rejected." Consequently, while there are some similarities in the material included in the rejection and the data that would normally be in a deficiency notice, we do not believe that it is a deficiency notice by any stretch of the imagination. Deficiencies for the years in question had been assessed more than 10 years prior. The petitioners had made payments on these accounts through the years. Although we do not know the exact circumstances surrounding the assessments, it is apparent that the petitioners had an opportunity at that time to contest the deficiencies had they chose to do so. Section 6213(a). Furthermore, the district director's rejection of petitioners' offer was not premised upon any substantive reevaluation by the Internal Revenue Service of its position, but rather upon the failure *497 of the petitioners to present any new arguments, either factual or legal, which might be grounds for a reduction in their overall liability. Therefore we must agree with respondent that the letter of September 30, 1979, was sent merely to advise the petitioners that their offer in compromise had been rejected. Many of the cases cited by petitioners are simply inapplicable to the question here presented for our decision. , while stating that no special form was required for the notice of deficiency, held the notice invalid because it was not sent by registered mail. In , affd. , we held that a deficiency notice was valid even though it was not signed. Likewise, in , affd. on other grounds, , the Court of Claims simply held that a notice of deficiency is sufficient even where it omits to inform the taxpayer of his right to institute a proceeding before the Tax Court. , *498 cert. denied , held that a misstatement of the taxable year to which the deficiency relates does not void the notice. , cert. denied , involved a deficiency notice which was misaddressed. None of these cases dealt with the question of whether the internal contents of the letters, given the circumstances under which they were sent, amounted to a notice to the taxpayers of a deficiency. The other cases cited by petitioners turn on the particular facts and often involve procedures employed in years prior to the enactment of the predecessor of sections 6212 and 6213 in 1924. See , and . As a final matter, we wish to point out that Congress has provided very detailed procedures for appeals from adverse determinations by the Commissioner. Where the deficiency is challenged, this Court has jurisdiction over the matter and assessment is restricted prior to completion of the judicial proceedings. Section 6213(a). *499 Where the deficiency is paid, a claim for refund may be filed, the rejection of which gives jurisdiction to the district courts and the Court of Claims. See section 7422. These rules and the timely utilization of the procedures provided may not be circumvented by the simple expedient of making an offer in compromise and petitioning this Court when such claim is rejected. Having determined that no notice of deficiency was sent to the petitioners for the taxable years 1958 through 1966, we are compelled to grant respondent's motion to dismiss the petition for want of jurisdiction. ; . An appropriate order will be entered . Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years here in issue, unless otherwise indicated.↩